## ANDREW BROWN
## v.
## ROBERT M. BROWN.

*Partition Fence—Removal—Statutory Notice—Instructions.*

In an action to recover damages alleged to have been caused by the removal of a partition fence without giving the statutory notice, it is *held:* That a notice given by the plaintiff to the defendant to remove his part of a partition fence from the land of the plaintiff to the division line, did not justify the defendant in removing, without the statutory notice, said fence beyond the line, and refusing to permit the plaintiff to join his cross fence thereto.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Kendall County; the Hon. C. W. UPTON, Judge, presiding.

Brown v. Brown.

Mr. Charles Wheaton, for appellant. ·

Messrs. Fowler Brothers, for appellee.

Lacey, J.  This was a suit brought before a Justice of the Peace by appellee against appellant to recover damages, caused by removing a partition fence without giving the statutory notice.

The appellee was the owner of an eighty-acre tract of land adjoining the appellant's eighty-acre tract on the south, the division line being 160 rods in length.  The appellee claimed to have kept up the east portion, or half of the fence, and the appellants the west portion or half.  This continued until the first day of May, 1883, when appellant removed his portion of the fence.  On account of this action on the part of the appellant, the appellee claims to have sustained damages in various ways, to the amount of $35.  First, by being obliged to hire pasture for some of his stock, and some he was obliged to take up and feed on corn.  Second, appellee lost three pigs that fell into the post holes appellant caused by removing the fence and pulling out the posts, and failing to fill up the post holes.  It appears that the appellant removed his partition fence off the land of appellee where a survey made shortly before showed it to be, and instead of putting it on the dividing line between the parties, he placed it entirely on his own land, about sixteen and one half feet north of the line.

At first the old fence was entirely removed from the land of the appellee by the appellant, and in about three weeks thereafter the new fence was erected as above stated.  It appears that the appellee had two cross fences terminating at the division fence, which the defendant removed, and after the appellant had constructed the fence as stated to the north of the division line, he extended his cross fence 16½ feet above the appellant's land to meet this fence.  The appellant demolished the portion of these fences which were placed on his land and removed the extensions.  These gaps were twice replaced by appellee, and twice removed by appellant, who would not per-

mit them to remain. The appellee's cattle could pass over appellant's land, and go through these openings around the ends of his, appellee's, fences, and back again on his own lands, and again into the fields. The appellant did not remove the outside or road fence so as to expose appellee's land to the road, but at the end of his road fence which abutted on the end of appellee's fence, he made a 16½-foot gate. It appeared that the portion of the fence removed was entirely that of appellant, and built by him, and after the survey was made in 1882, it was entirely on appellee's land.

The defense to this action is that even if the fence removed was a portion of a partition fence between the appellee and appellant, it was removed by the appellant in pursuance of a notice given by him to so remove the fence, which notice was in writing, and was dated November 2, 1882. The notice asserted that in accordance with the survey of the west eighty acres, the fence on the line dividing the appellant's and appellee's eighty-acre tract of land belonging to appellant was upon the land of appellee, and the appellant was notified to remove the same from the lands of appellee within six months from the date of the notice in manner prescribed by the statute. Otherwise he would proceed according to law to remove the said fence and hold appellant responsible for damages occurring to appellee in consequence of appellant's failure to remove it. Appellant called one Alfred Brown, who testified that in a conversation shortly before the bringing of this suit, with the appellee, the latter told him that he had notified appellant to remove the fence and that if he did not remove it he would sue him for not doing so, and if he did he would sue him for removing it without giving him notice of his intention to do so, which he had not done; but appellee testified in partial contradiction to this, and says that he only told Brown that appellant had said he would remove his fence on his own land and would not join fences with him, appellee, and he told Brown if appellant removed it without giving statutory notice he would sue him, and that that was all that was said. Appellee recovered before the Justice of the Peace $25 and in the Circuit Court $35, and this appeal is taken to this court from the latter judgment.

Brown v. Brown.

The defense set up in the action is that the notice fully jus-
tified the appellant in removing the fence and in omitting to
give the notice required by the statute in case of removal of
partition fences. The notice given appellant, it might plausi-
bly be argued, would justify him in removing the partition
fence without the giving of notice on his part, if he had chosen
to have allowed his lands to lie open, or to have entirely in-
closed his own lands leaving a lane between his land and that
of the appellee. But appellant did not choose to do this and
did not interpret the notice as giving him the privilege of so
doing. The appellant sought to inclose his land in part by
adjoining his fence at the west end of the division line at the
road to that of the appellee, and by placing a gate in it to go
through on his own land, and we are not advised by the evi-
dence how the north and south fence at the east end was
joined, if at all. At the west end the north and south fence
was continuous along both tracts of land, and the entire string
a common fence on the west to both tracts. Sec. 4, Chap. 54,
R. S., provides that " when two or more persons shall have
lands adjoining, each of them shall make and maintain a just
proportion of the division fence between them, except the
owner or owners of either of the adjoining lands shall choose
to let such land lie open, provided that when owners of ad-
joining lands by mutual agreement have heretofore built or
may hereafter build their respective portions of a partition
fence it shall not be lawful for either to remove his part of
said fence so long as he may crop or use such lands for farm
purposes, or without giving the other party one year's notice
in writing to move his portion of the fence." The evidence
we think fairly justified the jury in finding that the parties
herein had been maintaining a partition fence on the division
line between the parties, the appellee maintaining the eastern
portion and the appellant the western. While still continuing
to crop the land and use it and while still having his lands
inclosed on the land of appellee, appellant removed the parti-
tion fence on his land sixteen and one half feet away from the
line, leaving the appellee's fields exposed to the stock on the
pasture of appellee made by the adjoining cross fences to the

partition fence, unless the appellant would permit the appellee to extend the cross fences over the 16½-feet strip, and connect with appellant's new cross fence, which the latter refused to permit. At the time this suit was commenced the lands of appellant would have been exposed from the road had it not been for appellee's portion in connection with appellant's of the fence on the west of the two eighties, the appellant not having extended the cross fence the entire length of his eighty-acre tract to the east end. The appellant could not have understood the notice to mean that the west half of the partition fence which belonged to him should be entirely removed, as a partition fence. It was only intended to compel the appellant to remove it to the division line and the appellant must have so understood it, for under the circumstances, and according to Secs. 3 and 4 of Chap. 54, the appellant was bound to maintain his equal share of the partition fence and he could not escape this duty unless he chose to let his land lie without cropping or using for farm purposes or without making a complete inclosure of his own land away from the division line and not even then after the establishing the partition fence without giving notice.

The request to make a contract with appellee in regard to maintaining a partition fence between the parties, was made after this suit was commenced, and the rejection of the proposition could not affect the rights of the parties as they existed at the time the suit was commenced; and, besides, it required a year's notice on the part of either who desired to terminate the existing relation. What the appellee may have said in regard to suing the appellant in either event of his removing or not removing the fence, which he had notified him to remove, even if true, though it is denied, could have no bearing on the rights of the parties herein. For the appellant could have avoided trouble by either removing it on the line, allowing the appellee to extend the cross fences to the new fence, or by giving appellee the year's notice and in other respects complying with the statute. The evidence, if true, might tend to show that the appellee was not disposed to act in a fair and neighborly spirit. And in fact we are inclined to think

neither party has acted toward the other in a spirit that good neighborship required. But in a law suit legal rights must govern. Under the circumstances and facts in the case we think that the refusal by the court to give the appellant's offered instructions absolving the appellant from damages on account of the removal of the fence because of the giving of the notice by appellee in question, was not error. We think that the notice did not authorize the appellant to entirely break up the former relations as to the partition fence and more especially as the appellant held on to and continued to enjoy some of the benefits of the former relation as we have shown.

Seeing no error in the trial of the case in the court below or in the record, the judgment is affirmed.

*Judgment affirmed.*